WRIGHT, J.,
delivered the opinion of the Court.
This was an action originally commenced before a justice of the peace, and carried by appeal to the Circuit Court, where the plaintiff below had judgment for $76 19; and the defendant below has appealed in error to this Court.
The Circuit Judge charged the jury, that if Stewart was the general agent of the defendant to superintend, control, and manage the cemetery grounds, and that the disposition, or renting of the house occupied by Shubert, come within the scope of that agency, and that Stewart, as such agent, had agreed with Shubert that he might occupy the house free of rent, in that case the defendant would be bound by the act of - its agent, though in violation of his instructions, unless Shubert knew that Stewart was violating his instructions.
The counsel of the plaintiff in error insists that this charge is erroneous, not because, as an abstract proposition, it is not the law, but because it is based upon a suppositious state of facts which do not exist, and that it misled the jury.
He maintains that C. W. Nance was the general agent of the company, and that Stewart was superintendent of .the work, and that there is not the slightest evidence of his general agency, or that he had authority to rent, or did rent the house of the company to Shubert.
*119 This exception to the charge is, we think, unfounded in fact. It is true, that JSTance is shown to have been the general agent of the company, and Stewart the superintendent of the work; but there is also proof in this record, tending to show that Stewart was likewise the general agent of the company, and had authority to do, and did do many things not pertaining to the superintendency of the work, and from which his authority to rent the houses of the company might well-be inferred. It is true that there is no proof that he did rent this house to Shubert, nor is it shown which one of the agents of the company did rent it. But it is proved positively, as a fact, both by Thomas and James Stewart, that Shubert was to have the house free of rent, and also firewood free of charge. He was a married man and labored as a hand for the company. It was to the interest of the company, that its other laborers and hands should be boarded near their work; and he was induced to open a boarding house for that purpose, in one of the houses of the company upon its grounds; and was to have the house, garden, water, _&c., free of rent, and likewise firewood free of charge.
If the jury, therefore, rejected the set-off claimed by the company against Shubert, for rent and firewood, we think they were well warranted by the proof. .
But if the charge were merely abstract, having no relevancy to any evidence in the cause, and were erroneous, much less if free of error, we do not understand it to be a ground of reversal; certainly not, unless it can be shown to have done harm to the party against whom the verdict is given. 2 Meigs’ Dig., 775 and 776.
The next error assigned, is in relation to an item in *120 the plaintiff’s account, of $27.75. It appears the company owed one Cunningham that amount, and he owed the plaintiff a less sum, and assigned to him in payment of the debt, the debt he held on the company, the plaintiff paying him the difference in money. He guaranteed the claim to the plaintiff, who afterwards presented it to the treasurer of the company, and he promised to pay it to the plaintiff, having then no funds in hand to pay it. This promise was manifestly made as treasurer for and on behalf of the company.
There is no attempt to show any want of authority in the Treasurer to make this promise, and if need be, we are authorized to presume it, unless the contrary be shown. Angelí & Ames on Corporations, sections 290, 291, a, 292, 293, 298, 309.
By the purchase of the debt of Cunningham upon the company, the plaintiff acquired only an equitable interest in it, it being merely an open account, and, therefore, the promise of the company to the plaintiff to pay him, may, upon common law principles, have been necessary to enable the plaintiff, at law, to maintain the action in his own name. Vide, the note to Nelson v. Marley, 2 Yer., 576, and authorities there collected.
It is only in this aspect of the case that the promise of the company, or its treasurer, can be at ail material, for, manifestly, the company owed Cunningham the $27.75, and the plaintiff had purchased the debt, and was entitled to collect it of the company.
It is manifest the statute of frauds can have nothing to do with this promise of the company, since it was simply to pay its own debt to the plaintiff, instead of to Cunningham, the original creditor, he having as *121 signed the debt to the plaintiff. It is alike manifest, that it can make no difference, that Cunningham remained hound, or guaranteed the debt to the plaintiff.
It is next assigned for error, that the Court received parol evidence to explain the receipts found in the record from the plaintiff, and from Cunningham to the company, and to show that the debts for which they were given had not been paid: There was no error in this. 1 Greenl. Ev., sec. 305; Angelí & Ames on Corporations, sec. 294; 2 Meigs’ Dig., 859.
Besides, it does not appear that any specific objection was made to this evidence. It is contained in the depositions of Thomas and James Stewart, and they contain much other testimony entirely competent. A general objection therefore, such as was made to the reading of these depositions, because of the alleged incompetency of the witnesses, they being competent, did not reach the particular part of the proof bearing on these receipts.
The record shows that on the 17th of February, 1858, the plaintiff took a non-suit, and on the next day, upon the application of the plaintiff, it was, by order of the Circuit Court, set aside, and the cause re-instated as before, and the plaintiff taxed with the costs of that term.
The record does not show the cause of the non-suit, nor the reason for setting it aside; and no exception is made to the action of the Court.
At the next term, and after the cause was tried, the defendant moved the Circuit Court .to tax the plaintiff with all the costs of the cause up to the time of the non-suit. This the Court refused to do, and exception *122 is taken to this action of the Circuit Court, and it is now assigned as error. But we are unable to saj that the Circuit Court erred. ■ We do not think the case is embraced by the act of 1794, ch. 1, sec. 74; nor by sections 8197 and 3201 of the Code of Tennessee, to which we have been referred.
Judgment affirmed.